[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY {¶ 1} This matter comes before the Court for determination of the amended complaint for writ of mandamus filed by Relator, Jim Slagle, Marion County Prosecuting Attorney, against Respondents, Richard M. Rogers, Judge of the Marion County Court of Common Pleas ("the Judge"), and Julie Kagel, Marion County Clerk of Courts ("the Clerk").
 {¶ 2} The parties have filed briefs and their respective evidence in affidavit form as provided by Local Rule 2. In addition, before the Court is the brief of amicus curiae National Court Reporters Association ("NCRA"), and the brief of amicus curiae Ohio Prosecuting Attorneys Association ("OPAA").
 {¶ 3} As a preliminary matter, the Court must rule on various motions relating to the filing of briefs and evidence. Relator's motion to strike "factual references" not contained in the record from the Judge's brief is denied, and the Judge's motion to strike portions of Relator's evidence is denied. These references and affidavits are ultimately inconsequential, yet not inadmissible, to the legal determination which must be made in this case. As for the Judge's motion to dismiss the action for being "barred by R.C. 2301.24," previously held in abeyance pending receipt of trial briefs, for the reasons set forth below, that motion is likewise denied.
 {¶ 4} Relator's amended complaint seeks an order, pursuant to R.C. 149.43(C), to compel the Clerk to provide photocopies of any portion of the "Saxton" transcript he requests or other transcripts which are filed as part of a public court file at actual copying costs of approximately 5¢ per page. In addition, Relator seeks an order to compel the Clerk to provide a certified copy of any portion of a transcript upon appropriate request at the rate of $1.00 per page for certified copies of public court documents.
 {¶ 5} The amended complaint also seeks an order, pursuant to R.C.149.43(C), compelling the Judge to provide Relator with a copy of the audiotape of a suppression hearing held in the "Call" case, as well as audiotapes of any other public court proceedings not attended by an official court reporter. Relator states that a request to copy the "Call" audiotape was denied in open court, and a letter requesting permission to make a copy with Relator's own portable equipment under the supervision of the court bailiff went unanswered.
 {¶ 6} The Clerk, the public officer responsible for court files, takes no formal position in these proceedings. The Clerk states only that she refused to make the "Saxton" or any other filed transcript available or to provide certified or photocopies of the same, based on the Judge's Administrative Order, dated July 17, 2002, prohibiting her from providing copies of transcripts to any "party" to the litigation.
 {¶ 7} Specifically, the order requires that all requests to copy transcripts received from a party to that case be forwarded to the official court reporter, who will provide a statement of cost and, upon payment to her, the requested copy. The Clerk may, however, provide a copy of any transcript when requested by a "nonparty," at reasonable cost pursuant to R.C. 149.43. Though it is unclear whether the order permits the Clerk to make transcripts filed in a court case available for inspection to parties, the Clerk is barred from permitting any transcript to be removed from the Clerks' office without written authority of the Judge. The cost to be paid to the official court reporter for a transcript is established by separate journal entry at the rate of $2.50 per page for the original and one copy for the requesting party, $2.60 per page if prepared from audio tape, and $1.05 per page for copies to other parties.
 {¶ 8} Upon review, this Court finds that Respondents herein are the properly named parties. All papers, including transcripts, filed in a court case by parties and the court are maintained in the custody of the Clerk. R.C. 2303.09. Similarly, the audiotapes of proceedings are created at the direction and maintained in the custody of the Judge, on behalf of the Court.[1] Although numerous references are made to her "financial interests," the official court reporter is not responsible for care and maintenance of court records and is properly not a party to this action.
 {¶ 9} The parties do not dispute that transcripts filed with the Clerk as part of a court case and audiotapes of proceedings made at the direction of the court in the absence of a court reporter are "public records" under R.C. 149.43(A).
 {¶ 10} With exceptions not relevant in this case, all public records must be made available for inspection to any person at all reasonable times during regular business hours. R.C. 149.43(B)(1). In addition, "a public office or person responsible for public records shall make copies available at cost." Id.
 {¶ 11} R.C. 149.43 is to be construed liberally in favor of broad access to public records. State ex rel. Gannett Satellite Info. Network,Inc. v. Petro (1997), 80 Ohio St.3d 261. Consistent with this requirement, we find that Relator, as well as any other person, has a legal right to inspect public records, such as transcripts filed in a court case and audiotapes of proceedings. However, to fulfill their obligation to maintain the integrity of court records and audiotapes of proceedings, nothing in R.C. 149.43 precludes a court from prohibiting any person, party or nonparty, from removing such items from the Clerk of Court's office without written consent of the assigned Judge.
 {¶ 12} We further find that Relator, as well as any other person, has a legal right to have a copy of a public record, such as transcripts filed in a court case and audiotapes of proceedings, prepared "at cost." See R.C. 149.43(B)(1). The individual with the legal duty to prepare copies of public records "at cost" and within a reasonable period of time is the "public office or person responsible for public records." R.C.149.43(B)(1).
 {¶ 13} The Judge's Administrative Orders and argument in this case are based on the assertion that transcripts and audiotapes of proceedings are excluded from direct application of R.C. 149.43, pursuant to R.C.2301.24 and R.C. 2301.25, and an Ohio Attorney General Opinion, provided in response to a request by Relator. See 2002 Ohio Atty.Gen.Ops No. 014. For the reasons that follow, we find that such transcripts and audiotapes are not excluded from application of R.C. 149.43, and the conclusion reached in the Attorney General's Opinion is contrary to law.
 {¶ 14} R.C. 2301.24 states, in sum, that a court reporter's compensation for making transcripts and copies, which she is required to make for use by the court or parties under R.C. 2301.23, shall be fixed by the judges of the common pleas court. While R.C. 2301.25 provides, in pertinent part:
When more than one transcript of the same testimony or proceeding is ordered at the same time by the same party, or by the court, the compensation for making such additional transcript shall be one-half the compensation allowed for the first copy, and shall be paid for in the same manner except that where ordered by the same party only the cost of theoriginal shall be taxed as costs.
 {¶ 15} In 2002 Ohio Atty.Gen.Ops. No. 014, the Attorney General purports to follow the rational of an earlier opinion, 1989 Ohio Atty.Gen.Ops. No. 89-073, stating that no provision within R.C. 149.43(A) excepts transcripts prepared by a court reporter from the definition of public record. The opinion further states that, because photocopying is an appropriate method for reproducing a transcript, a court reporter who prepares a photocopy of a transcript for a party to the action "is entitled to the compensation fixed by the judges of the court of common pleas under R.C. 2301.24 for that photocopy." Id. at 6.
 {¶ 16} The 2002 opinion concludes that, because R.C. 2301.24
establishes the method for determining the amount a party must pay for a photocopy of a transcript, R.C. 2301.24 applies rather than R.C. 149.43(B). Citing rulings that bar the use of R.C. 149.43 to circumvent the discovery process, a party must pay the fee fixed by the judges of the common pleas court to the court reporter for any photocopy of a transcript previously prepared pursuant to R.C. 2301.23. Id. at 6.
 {¶ 17} We find this conclusion unsupported by a plain and ordinary reading of the applicable statutes and, in fact, contrary to the opinion by the Attorney General in 1989 Ohio Atty.Gen.Ops. No. 073. Although applicable when the photocopy is made by a court reporter, it has no application when the photocopy is requested of and made by the Clerk, pursuant to R.C. 149.43.
 {¶ 18} These statutes can, and should, be read in pari materia. If a party requests that the official court reporter make a transcript or a copy of a previously prepared transcript, the official court reporter is entitled to be paid at the rate fixed by the judges of the court of common pleas. R.C. 2301.24. There are instances, such as when the transcript is not delivered to the Clerk for filing, when such a copy is necessary. However, when a party, or non-party, requests from the Clerk that a photocopy of a filed transcript be made the Clerk in custody of such transcript has a legal duty to comply with R.C. 149.43(B) and provide a photocopy at the "actual cost" for providing photocopies. See, also, R.C. 149.43(E)(2)(a). Likewise, the Clerk has a legal duty to provide a certified photocopy of a filed transcript upon request at the statutory rate of $1.00 per page. R.C. 2303.20(Z).
 {¶ 19} We find nothing in R.C. Chapter 2301 that confers ownership or a "proprietary interest" in all transcripts, in perpetuity, to the official court reporter, an officer and employee of the court of common pleas. To the contrary, the shorthand notes and transcripts are the property of the court of common pleas. 1989 Ohio Atty.Gen.Ops. No. 073.
 {¶ 20} It is the Clerk's legal duty to preserve all papers delivered to her, making her the "person responsible for public records" who must make copies available at cost within a reasonable period of time. "If a transcript is filed with the court of common pleas, any person seeking to inspect or receive a copy of the transcript may direct the request to inspect or receive a copy to the clerk of the court of common pleas." Id. at 336. (Emphasis added.) For copies which are not certified, the clerk of the court of common pleas may adopt a policy, subject to the direction of the court, which sets a reasonable fee for copies. Id.
 {¶ 21} A reasonable fee setting policy "should reflect the actual costs involved in making a copy, unless the cost is otherwise set by statute." Id. at paragraph five of the syllabus; see, also, State exrel. The Warren Newspapers, Inc. v. Hutson (1994), 70 Ohio St.3d 619,625-626. In this situation, no statute exists setting the cost that aClerk must charge to make a photocopy of a transcript, or any other document filed as part of a court case.
 {¶ 22} The purpose of R.C. 2301.23-25 is to compensate court reporters for the time and effort of converting shorthand notes to typed longhand. This is especially true when they must re-type their notes to provide additional copies. Considering that these statutes allow for multiple levels of compensation to court reporters and have not been amended in thirty to forty years, in the current age of computers, instant transcription programs, and machines that make photocopies in seconds, the need for the General Assembly to revisit the issue is apparent. Nevertheless, when a photocopy request is made to the Clerk, whose job duties include providing access to and copies of public records, the court reporter expends no time or effort, and no need for additional compensation exists.
 {¶ 23} Furthermore, it is interesting to note that in reviewing the numerous questionnaires submitted by Clerks throughout the State of Ohio, few counties appear consistent in how they approach the subject. The policies vary from allowing anyone to have photocopies of transcripts at actual cost, to allowing only prosecutors to have photocopies, some at no cost and some at actual cost.
 {¶ 24} As for the audiotapes of proceedings, there is no transcript or "shorthand notes" of a court reporter involved and R.C. Chapter 2301 has no application. A prosecutor or any other party may request a copy at actual cost of reproduction. See Sup.R. 11(D), (F). The audiotape copy is of limited use, of course, as it must be transcribed by the official court reporter in order to constitute a transcript of proceedings or otherwise be relied upon by any court. App.R. 9(A). Thus, although the Judge's brief, and the amicus brief of NCRA, assert that there will be a risk of inaccurately portrayed testimony and multiple "versions" of transcripts, we find this risk to be no greater than that which currently exists.
 {¶ 25} Accordingly, the Court finds that Relator has a legal right to the relief requested and Respondents, the Clerk and the Judge, have a legal duty to permit inspection of all public records, and provide photocopies of any transcript filed in a court case and copies of any audiotape of proceedings, at the actual cost of reproduction, pursuant to the mandates of R.C. 149.43.
 {¶ 26} It is therefore ORDERED, ADJUDGED and DECREED that Relator's complaint for writ of mandamus be, and hereby is, granted.
 {¶ 27} It is ORDERED that the Clerk of the Court of Common Pleas of Marion County permit inspection and provide a photocopy of the "Saxton" transcript to Relator or, upon request of a party or non-party, any other transcript filed as part of a public court file, at the actual cost of making photocopies.
 {¶ 28} It is ORDERED that the Clerk of the Court of Common Pleas of Marion County, upon request, provide a certified copy of the "Saxton" transcript or any other transcript, or portion thereof, filed as part of a public court file, at the statutory rate of $1.00 per page for certified copies of public court documents.
 {¶ 29} It is ORDERED that Judge Richard M. Rogers of the Court of Common Pleas of Marion County provide Relator with a copy of the audiotape of a suppression hearing held in the "Call" case and, upon request, copies of any other audiotape of public court proceedings, at the actual cost of making such copies and under guidelines established by the Court to guarantee security of the original audiotapes.
 {¶ 30} It is further ORDERED that the costs of this action be, and hereby are, assessed to Respondents.
[1] Although it appears to be the general practice in Marion County for the Judge to give the audiotape of proceedings to the official court reporter, an employee and officer of the Court, in the event a transcript is requested, the Judge's ultimate obligation as custodian of the audiotape is not affected.